**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**JEAN SMITH, AND LORIA IVIE,
Individually and on Behalf of All Others
Similarly Situated**                                                 **PLAINTIFFS**

      **vs**                               **4:05CV01382-WRW**

**BARRY COLLINSWORTH; THOMAS PUGH;
UNITED AMERICAN INSURANCE COMPANY;
HEARTLAND ALLIANCE OF AMERICA ASSOCIATION;
FARM & RANCH HEALTHCARE, INC; AND
JOHN DOES 1-20**                                                 **DEFENDANTS**

## ORDER

Pending is Plaintiffs' Motion to Remand.[1] Defendants have responded.[2] At the Defendants' request, oral arguments were presented on November 28, 2005.

The Complaint was filed on October 8, 2004, in the Circuit Court of Saline County, Arkansas, alleging that Plaintiffs represented a class of similarly situated consumers in the State of Arkansas.[3] An Amended Complaint was filed in the same court on September 7, 2005.[4]

Defendants removed the case from Saline County Circuit Court to Federal District Court under the Class Action Fairness Act ("CAFA").[5] Plaintiffs, in their Motion to Remand,

---

[1] Doc. No. 32.

[2] Doc. No. 37.

[3] Doc. No. 2.

[4] Doc. No. 11.

[5] Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (2005) (codified as amended in scattered sections of 28 U.S.C.).

1

argue that the action was commenced before CAFA was enacted and is not covered by that law.  Defendants counter that the Amended Complaint created new claims, and is, therefore covered by CAFA.

The class described in the original complaint consists of all individuals insured by Defendants living in Arkansas. The Amended Complaint expands the class to include all individuals insured by Defendants living in the United States.  In addition, a subclass was identified in the Amended Complaint as all individuals described in the damages class who submitted a health claim in which the claim was denied only in part, and the unpaid portion of the claim was denied because the policy was one of limited benefit coverage.[6]  The Amended Complaint added facts and expanded the class, and  it eliminated many of the causes of action alleged in the first Complaint.

## Discussion

Section 9 of CAFA provides "[t]he amendments made by this Act shall apply to any civil action commenced on or after the date of enactment of this Act."[7]  CAFA became law on February 18, 2005.  After the effective date, Plaintiffs amended their Complaint.  The issue here is whether Plaintiffs commenced a new action when they filed the Amended Complaint.

 The facts of this case as well as the arguments made by the parties are similar those in *Weekley v. Guidant Corporation and Cardiac Pacemakers*.[8]  In *Weekley,* the plaintiff alleged that Defendants supplied a defective pacemaker.[9]  After CAFA was passed, the plaintiff

---

[6]Doc. No. 11, p. 7.

[7]*Id*.

[8]*Weekley v. Guidant Corporation and Cardiac Pacemakers*, 392 F. Supp. 2d 1066 (E.D. Ark. 2005).

[9]*Id*.

amended her original complaint, alleging a class action including all similarly situated individuals. Removal was based on the amended complaint. The class action was remanded to state court for the following reason:

> Pleadings may be amended, but amending pleadings does not commence an action. By definition, a civil action must already have been commenced before a pleading can be amended. Some claims may be dismissed and others may be added. Those new claims may dramatically change the action. Those claims may or may not relate back to the original complaint for limitations purposes. Nevertheless a civil action, when viewed as the entirety of the proceeding, commenced when the initial complaint was filed.[10]

State procedural law governs cases originating in state court until they are removed to federal court.[11] In *Weekley,* the court applied Arkansas procedure, and found that an action is commenced when a complaint is filed.[12] In this case, the complaint that "commenced" this action was filed long before CAFA became law.

During oral argument, Defendants asserted that the court in *Weekley* ignored Arkansas case law by concluding that an amended complaint does not commence an action. However, the cases relied on by Defendants in support of their argument address the narrow issue of claims in an amended complaint that may be subject to dismissal on statute of limitations grounds.[13] When one looks at the broader issue of when the whole action begins, the

---

[10]*Id.* at 1068.

[11]*Winkels v. George A. Hormel & Co.*, 874 F.2d 567 (8th Cir. 1989).

[12]*Weekley*, 392 F. Supp. 2d at 1067 *(citing* Ark. R. Civ. P. 3).

[13]*Estate of Hernandez v. Clark*, 2004WL1399069 (Ark. App. 2004); *Ray & Sons Masonry Contractors, Inc. v. U.S. Fidelity & Guar.Co.*, 353 Ark. 201 (2003); *Estate of Daisy Bird v. Tiner*, 81 Ark. App. 366 (2003); *George v. Jefferson Hospital Association, Inc.*, 337 Ark. 206 (1999); *Pruitt v. Pruitt*, 271 Ark. 404 (1980)*; Pepsi-Cola Bottling Co.*, 245 Ark. 284 (1968); *Robertson & Co. v. Lewis Rich Construction Co.*, 151 Ark. 19 (1922); *Warmack v Askew*, 97 Ark. 19 (1910); *Buck v. Davis*, 64 Ark. 345 (1897).

Arkansas Supreme Court has held that an action is commenced by filing a complaint with the clerk of the proper court and completing service within the 120-day period following the filing of the complaint.[14] So, *Weekley* followed Arkansas precedent.

Defendants rely on Seventh Circuit cases that hold, if an amended complaint does not relate back to the original complaint, the action may be removed to federal court, even though the original complaint was filed before CAFA was enacted.[15] Many district courts have adopted the same approach, including two district courts in this circuit.[16] At the hearing, Defendants contended that the Tenth Circuit has also applied the relation-back analysis. However, the Tenth Circuit held that an action is commenced under CAFA when it is filed in state court, not when it is removed to federal court.[17] The relation-back rule was not addressed in that opinion.

Defendants also argue that the additional facts alleged by Plaintiffs, and the addition of the class members, do not "relate back" to the original complaint under Rule 15(c).[18] Therefore, Defendants contend, the Amended Complaint is removable.

---

[14] *Green v. Wiggins*, 304 Ark. 484 (1991).

[15] *Schorsch v. Hewlett-Packard Co.*, 417 F.3d 748, 749 (7th Cir. 2005); *Knudson v. Liberty Mutual Ins. Co.*, 411 F.3d 805, 807 (7th Cir. 2005); *Schillinger v. Union Pacific Railroad Co.*, 425 F.3d 330 (7th Cir. 2005).

[16] *Sinterfitt v. SunTrust Mortgage, Inc.*, 385 F. Supp. 2d 1377 (S.D. Ga.. 2005); *Plummer v. Farmers Group, Inc.*, 388 F. Supp. 2d 1310 (E.D. Ok. 2005); *Brown v. Kerkhoff*, 2005 WL 2671529 (S.D. Iowa); *Judy v. Pfizer Inc.*, 2005 WL 2240088 (E.D. Mo. 2005).

[17] *Pritchett v. Office Depot, Inc.* 420 F.3d 1090 (10th Cir. 2005).

[18] Ark. R. Civ. P. 15 (c) and Fed. R. Civ. P. 15 (c)(under these rules, unless a new party, or new claim "relates back" to the original complaint, the new claim, or party will be dismissed if the statute of limitations has run).

4

I am persuaded by *Weekley* that, in view of the simple directive in § 9 of CAFA, whether an amended complaint relates back is irrelevant.[19] However, even if the relation back analysis applies, Defendants' attempt to remove this action would still fail.

Under rule 15(c), amended claims relate back to the original complaint when the claim asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth, or attempted to be set forth in the original pleading.[20] Rule 15(c) is liberally construed.[21]

A plaintiff's addition of a new legal theory relates-back under Rule 15(c).[22] Claims that clarify allegations pled in the original complaint also relate-back under Rule 15(c).[23] But, entirely independent claims, which assert new grounds for relief and are supported by facts different in time and type, do not relate back..[24]

In order for an amendment to relate back to the date of the original complaint, the original must have provided adequate notice to the defendant, not only of the substantive claims being brought against it, but also of the number and generic identities of the potential plaintiffs who may participate in the judgment.[25]

---

[19]*Weekley*, 392 F. Supp. 2d. at 1068.

[20] Fed. R. Civ. P. 15(c)(2).

[21] *Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525, 1543 (8th Cir. 1996).

[22]*Maegdlin v. Int'l Association of Machinists & Aerospace Workers*, 309 F.3d 1051, 1053 (8th Cir. 2002).

[23]*Bensel v. Allied Pilots Association*, 387 F.3d 298, 310 (3d Cir. 2004).

[24]*Mayle v. Felix*, __U.S.__, 125 S. Ct. 2562, 2566 (2005).

[25]*American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 554-55 (1974).

In this case, the original Complaint charged Defendants with consumer fraud, and included statutory and common law claims of non-disclosure and misrepresentation. Plaintiffs expanded and clarified these factual allegations in the Amended Complaint, but the allegations (fraud and misrepresentation) are essentially the same.

Bait and switch schemes are deceptive sales tactics that involve misrepresentation. Plaintiff sets out in more detail how the scheme was allegedly carried out.[26] Such schemes as those alleged in the Amended Complaint can be fairly characterized as fraudulent. As stated, the original Complaint raised allegations of fraud and misrepresentation. The use of more specific terms such as "bait and switch," do not create wholly independent claims.

The same is true of the allegations that include the terms "bundle and skim." Again, these are descriptive terms meaning fraud. Contrary to the assertions of the Defendant, the prayer for relief in the original Complaint and the Amended Complaint are essentially the same. The Amended Complaint merely clarified the damages requested in the original Complaint.[27] Finally, rather than adding claims, Plaintiffs eliminated claims raised in the original Complaint.

The Seventh Circuit has produced the only appellate opinions applying the relation-back analysis; however, it emphasized that "creative lawyering will not be allowed to smudge the line drawn by the 2005 Act: Class actions 'commenced' in state court on or before February 18, 2005, remain in state court."[28] Moreover, the Seventh Circuit held that "Plaintiffs routinely amend their complaints, and proposed class definitions, without any

---

[26] Doc. 11, ¶ 49 - 81 and ¶ 82- 92.

[27] Doc. No. 2, p. 28, ¶(c), compared to Doc. No. 11, p. 42, ¶(b) and p. 43, ¶(b).

[28] *Schorsch*, 417 F.3d at 749.

suggestion that they have restarted the suit."[29]   In this case, Plaintiff amended the class definition to include consumers all over the United States, and to add a subclass.  These amendments not only rose out of the same conduct recited in the original complaint but could have been foreseen.

Whether an amended pleading relates back to the date of the original pleading is a matter within the sound discretion of the trial court.[30]   Thus, if I were to apply the relation-back rule, it is within my discretion to determine if the Amended Complaint commenced a new action  --  I find that it did not.

In fine, even if the relation-back analysis is relevant to this question, the Amended Complaint does not trigger federal jurisdiction under CAFA.  But, simply stated I agree with the analysis in *Weekley*, that the relation-back rule should not be applied to defeat the clear intent of Congress  -- only lawsuits commenced on or after February 18, 2005 are subject to CAFA.

Motion to Remand is GRANTED.

IT IS SO ORDERED this 21st day of December,  2005

/s/ Wm. R.Wilson,Jr.
UNITED STATES DISTRICT JUDGE

---

[29]*Knudsen*, 411 F.3d at 806.

[30]*Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971); *Marchant v. City of Little Rock, Ark.*, 741 F.2d 201, 206 (8th Cir. 1984).